990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Lee Arthur MOORE, Defendant-Appellee.
 No. 92-50313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1993.
Decided March 31, 1993.
 
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals the district court's decision to grant defendant Lee Arthur Moore a downward departure from the applicable sentencing guideline range. The district court departed so that Moore would be eligible for immediate placement in the Bureau of Prisons' "Intensive Confinement Center." We reverse.
 
 
 3
 This appeal presents the novel question of whether a sentencing court may depart downward from an uncontested guideline range to make a prisoner immediately eligible to participate in the federal "shock incarceration" program. The district court apparently relied on the confluence of Moore's desire to participate in the program, along with an implied finding that Moore was eligible for the program but for the length of his sentence.
 
 
 4
 A district court's departure from an uncontested guideline range is subject to a three-step analysis. First, we review de novo whether the district court had legal authority to depart. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). Second, we review for clear error factual findings supporting the existence of the identified circumstance warranting departure. Id. Finally, the extent of the departure must be reasonable. Id. at 747.
 
 
 5
 We need not decide whether the circumstances identified by the district court in this case constitute authority to depart downward, because the court's finding that a departure would make Moore eligible for the program was clearly erroneous.
 
 
 6
 Title 18 U.S.C. § 4046 authorizes the Bureau of Prisons to "place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30, months, if such person consents to that placement." Under the authority of 18 U.S.C. § 4042, the Bureau of Prisons has further restricted eligibility to those prisoners who are "serving their first period of incarceration or have a minor history of prior incarceration." Bureau of Prisons Operations Memorandum 174-90 (5390), November 20, 1990.
 
 
 7
 Moore's "history of prior incarceration" includes a 75-day term for misdemeanor burglary, a three-year term for first degree burglary, and a two-year term for forgery. Thus, this is not his first, but rather his fourth term of incarceration. Moreover, his incarceration history clearly is not minor by Bureau of Prisons standards. The Bureau of Prisons restricts participation in the program to incoming prisoners sentenced to 60 months or less. Operations Memorandum 174-90. This is, in effect, a determination by the Bureau of Prisons that those facing an incarceration period of more than five years are not good candidates for the program. By analogy, the Bureau clearly would not consider Moore's 62-month history to be "minor" so as to qualify him for the program. Thus, the district court's implicit finding that a downward departure would make Moore eligible to participate in the shock incarceration program is clearly erroneous.
 
 
 8
 We reverse the judgment of the district court and remand for resentencing within the appropriate guideline range.
 
 
 9
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3